```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL A. TOME,                 :
        Plaintiff
                                 :

        vs.                      :   CIVIL NO. 1:CV-06-2155

HARLEY DAVIDSON MOTOR COMPANY,   :
SALLIE J. HARBOLD,
        Defendants               :

*M E M O R A N D U M*

*I.      Introduction*

       On November 2, 2006, Plaintiff Michael A. Tome filed this action pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq., alleging that Defendants Harley Davidson Motor Company ("Harley Davidson") and Sallie J. Harbold interfered with his FMLA rights by denying his request for intermittent leave on the basis of incomplete documentation. (doc. 1).  On December 29, 2006, Defendants filed an answer to the Complaint.  (doc. 3).  We now consider the parties' cross-motions for summary judgment.  Upon careful review of the briefs and the record, we will grant Defendants' motion for summary judgment and enter judgment in favor of Harley Davidson and Harbold and against Tome.

*II.     Background*[1]

Defendant Harley Davidson owns and operates a manufacturing facility in York, Pennsylvania. (Tome Statement of Material Facts "SMF" ¶ 1). Tome is an employee at Harley Davidson's York facility. Tome SMF ¶ 6; Defendants' SMF ¶ 51.

Defendant Sallie J. Harbold has worked for Harley Davidson since 1999 as the Case Management Coordinator. Tome SMF ¶ 2. Harbold manages FMLA-covered leaves of absence at Harley Davidson's York facility. *Id.* ¶ 4. Harbold's job responsibilities include: distributing written materials and forms regarding leave, FMLA, and disability programs; processing employee leave of absence requests; and making determinations regarding eligibility for leave of absence. *Id.* ¶ 5; Defendants' SMF ¶ 5. Bonnie Shupp, a contract nurse who provides services for Harley Davidson through Medical Staffing Network, also processes employee leave of absence requests and makes determinations regarding eligibility for leave of absence at the direction of Harbold. Defendants' SMF ¶¶ 11, 12.

---

[1] With respect to Statements of Material Facts, Local Rule 56.1 provides: "All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served on the opposing party." Tome filed a Statement of Material Facts (doc. 17); however, he did not file an answer to Defendants' Statement of Material Facts (doc. 13). Therefore, facts included in Defendants' Statement of Material Facts which are not opposed through Tome's own Statement of Material Facts are deemed admitted.

2

On or about June 7, 2006, Tome submitted a Family/Medical Leave of Absence Request form. Tome SMF ¶ 7. Tome submitted his FMLA leave request due to a back condition. *Id.*; Defendants' SMF ¶ 14.[2] In support of his FMLA request, Tome also submitted a United States Department of Labor FMLA Certification of Health Care Provider form ("certification form"), ostensibly completed by his health care provider. *Id.* Dr. Fred Kephart has treated Tome since 1993. Tome SMF ¶ 16. In response to Questions 3 and 5.b on the certification form, Dr. Kephart indicated that Tome's alleged back condition was a "chronic condition" as defined by FMLA regulations, requiring intermittent leave for flare-ups. Tome SMF ¶¶ 8, 10.[3] The certification form failed, however, to provide some of the required information. Defendants' SMF ¶ 16. First, in response to Question 5.b, while Dr. Kephart noted Tome's need for intermittent leave, he failed to estimate its probable duration. Tome SMF ¶ 10; Defendants' SMF ¶ 17. Second, in response to Question 5.c on the certification form requiring the duration and frequency of each episode, Dr. Kephart indicated that the

---

[2] Tome was an "eligible employee" pursuant to the FMLA because he had 1,250 hours of service at Harley Davidson in the twelve month period preceding his request for FMLA leave. Tome SMF ¶ 22. *See also* 29 U.S.C. § 2611(2)(A).

[3] The parties do not dispute that Tome's condition was a "serious health condition" under the FMLA. A "serious health condition" is "an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

3

"[f]requency of episodes is COMPLETELY UNPREDICTABLE.  There are no restrictions when he is working."  Tome SMF ¶ 9.  Dr. Kephart did not, however, state the likely duration of Tome's episodes of incapacity nor did he provide a more specific estimate of their frequency.  Defendants' SMF ¶ 18.  According to Sallie Harbold, Dr. Kephart's response to this question was insufficient to make an FMLA benefits determination.  Defendants' Opp. to Tome SMF, ¶ 10.

Tome's FMLA request also authorized Dr. Kephart to provide any and all information relevant to Tome's claim.  Defendants' SMF ¶ 20.  On June 9, 2006, Harley Davidson sent a fax to Dr. Kephart requesting that he provide the likely duration and frequency of Tome's episodes of incapacity due to the back condition.  *Id.* ¶¶ 21, 22.  Additionally, Harley Davidson requested the start and end dates for his request for intermittent leave.  *Id.* ¶ 22.  Harley Davidson's fax also included a copy of the incomplete, June 7, 2006, certification form.  *Id.* ¶ 23.

On or about June 12, 2006, Dr. Kephart's office sent Harley Davidson a revised certification form.  *Id.* ¶ 24.  In the revised form, Dr. Kephart included the starting and ending dates for Tome's intermittent leave as well as the likely duration of each episode of incapacity.  Tome SMF ¶ 11.  Dr. Kephart, however, failed to change his response to the portion of the

4

form regarding the likely frequency of the episodes of incapacity. Defendants' SMF, ¶ 26.

On the same day that Harley Davidson received the fax response from Dr. Kephart, Bonnie Shupp sent Tome's supervisor an email requesting that Tome speak with her or Sallie Harbold. Defendants' SMF ¶ 27. On or about June 14, 2006, Tome met with Shupp and was given a copy of the June 12, 2006, certification form. *Id.* ¶ 28. Shupp explained to Tome that Dr. Kephart had to provide the likely frequency of his episodes of incapacity due to the back condition. *Id.*

On July 26, 2006, counsel for Tome sent a letter to Harley Davidson regarding Tome's request for future FMLA-covered intermittent leave. Defendants' SMF ¶ 29. This letter did not provide any more information regarding the frequency of Tome's back problems. *Id.* ¶ 30.

Sallie Harbold made the decision to deny Tome's request for FMLA-covered intermitted leave of absence after concluding that Tome had submitted an incomplete medical certification. Tome SMF ¶ 12. On July 10, 2006, Harley Davidson sent Tome a letter informing him that it had denied his request for FMLA leave. *Id.* ¶ 13; Defendants' SMF ¶ 34.[4]

---

[4] Tome's Statement of Material Facts contends that "[b]ecause Harley-Davidson operates in a union environment, transfer of union employees to another position cannot be done." Tome SMF ¶ 14. While the context shows that it is unclear whether she intended such an absolute statement, we fail to see the statement's relevance to

5

Harley Davidson typically allows employees up to one week to provide information which may be missing from a certification form; however, Tome received approximately one month to do so. Defendants' SMF ¶¶ 32, 33.

On July 26, 2006, Bethany McCurdy, an attorney for Harley Davidson, sent a letter to counsel for Tome, informing him that Tome had failed to provide an estimate of the frequency of the episodes of his back condition despite multiple requests to do so. *Id*. ¶ 36. McCurdy also noted that Tome should request a leave of absence if he determined that he could not work and that such a request would be reconsidered by Harley Davidson. *Id*. ¶ 38

In February 2007, counsel for Tome submitted a letter from Dr. Kephart which provided a likely frequency of twelve episodes of incapacity over a six month period for Tome's back condition. *Id*. ¶ 39. On March 9, 2007, Harley Davidson sent Tome a letter informing him that, having submitted the missing information, it had approved his request for FMLA leave, effective February 23, 2007. *Id.* ¶ 40.

Tome claimed that he could not perform the functions of his position at Harley Davidson due to his back condition on

---

Tome's claim. Tome's claim concerns Harley Davidson's failure to approve FMLA leave. Tome does not claim that Harley Davidson failed to return him to his particular position after he took time off for his back condition.

a number of occasions between June 2006 and March 2007. *Id*. ¶¶ 41, 43.  For his absences between June 7, 2006, and March 9, 2007, Tome took paid time off pursuant to either his vacation leave or his sick leave.  *Id*. ¶ 42.  According to Tome, he took unpaid time off on other days as well.  *Id*. ¶ 43.  Tome seeks "a restoration of his vacation time so that it can be taken for purposes of vacation and not for recuperation from physical problems."  (doc. 18, p. 10).[5]

*III.     Discussion*

*A.     Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, we may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986).  In reviewing the evidence, we must construe facts and inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986).  Summary judgment must be entered for the

---

[5] By concluding that Harley Davidson did not improperly deny Tome's FMLA leave application, we need not further address the parties' statements of material fact concerning damages.

moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* at 587, 106 S.Ct. at 1356, 89 L.Ed.2d at 552 (citations omitted).

The moving party bears the initial responsibility of stating the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L.Ed.2d at 274. It can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275.

An issue is "genuine" "only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211-12 (1986)). A fact is "material" when it would affect the outcome of the trial under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

When a moving party has carried the burden under Rule 56, the burden shifts to the nonmoving party to demonstrate that an issue of material fact exists. The nonmoving party "must do more than simply show that there is some metaphysical doubt as

to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, 89 L.Ed.2d at 552 (citations omitted).  The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," and cannot "simply reassert factually unsupported allegations contained in [the] pleadings." *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted).  "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511, 91 L.Ed.2d at 212 (citations omitted).  Factual averments in briefs do not satisfy the nonmoving party's burden.  *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992).

*B.   Tome's FMLA Interference Claim*

Tome filed this complaint claiming that Harley Davidson improperly failed to approve intermittent leave for his back condition pursuant to the FMLA.  (doc. 1, ¶ 25).  As a result, Tome claims that he was forced to use paid sick and vacation leave to avoid potential disciplinary action when his chronic back condition prevented him from working.  (doc. 17, ¶ 21).  Harley Davidson, however, does not dispute whether Tome's chronic back condition qualifies as a "serious health condition" under the FMLA.  Rather, the parties dispute whether Harley

Davidson's decision to deny leave based on an incomplete medical certification form was improper.

According to Tome, Harley Davidson improperly denied benefits because "[t]he medical certification [he] provided to his employer was sufficient to meet muster under FMLA." (doc. 18, p. 9). In addition, Tome argues that "[n]othing in the regulations permits the employer to determine whether a certification is complete or not." *Id.* In response, Harley Davidson contends that the regulations do allow it to assess whether a certification form is complete, and Tome's certification was clearly incomplete because it did not include an assessment of the frequency of the episodes of incapacity. (doc. 11, p. 12). As a result, according to Harley Davidson, there is no genuine issue of material fact as to whether Tome was entitled to FMLA-covered intermittent leave. *Id.* at 13. We agree. Having reviewed the record and the applicable regulations, we conclude that Harley Davidson did not act improperly in denying Tome's request for FMLA leave based on incomplete medical documentation.

### 1. Submission of an FMLA Medical Certification Form

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of

such employee." 29 U.S.C. § 2612(a)(1), (a)(1)(D). If an employee takes FMLA leave, "the employee is entitled to be reinstated to the former position or an alternate one with equivalent pay, benefits and working conditions." *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005) (citing 29 U.S.C. § 2614(a)(1)). An employee bringing a claim for deprivation of FMLA entitlements must show that he was entitled to benefits and was denied them. *Id*. (citing 29 U.S.C. §§ 2612(a), 2614(a).

In the interest of protecting employers and preventing abuses by employees, an employer may require that the request be supported by a certification form issued by a health care provider. *See Shtab v. Great Bay Hotel and Casino, Inc.*, 173 F. Supp.2d 255, 264 (citing H.R. Rep. No. 103, at 39 (1993); S. Rep. No. 103-3, at 27-28 (1993); reprinted in 1993 U.S.C.C.A.N. 3). *See also* 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(a). The employer must give the employee notice of the requirement to submit a medical certification, 29 C.F.R. § 825.305(a), and the employer must, at the time of the request, advise the employee of the consequences of failing to provide adequate certification. *Id.* § 825.305(d).

Employers choosing to require a medical certification form may use WH-380, a form created by the Department of Labor which requires "the health care provider to furnish appropriate

medical information within his or her knowledge." *Id.* § 825.306(a). The certification form requires, among other things: (1) a certification that the claimant meets the definition of "serious health condition," as well as the facts supporting the certification; (2) the date on which the condition began as well as its probable duration; (3) whether the employee must take intermittent leave and its probable duration; (4) if the condition is a pregnancy or a chronic condition, "whether the patient is presently incapacitated and the likely duration and frequency of episodes of incapacity;" (5) an estimate of the number of additional treatments, if any; and (6) whether the employee is able to perform work of any kind. *Id.* § 825.306(b)(2).

> 2. <u>Employer's Duty Upon Submission of an "Incomplete" or Inadequate Medical Certification Form</u>

In reviewing an employee's claim for FMLA leave after submitting a certification form, "The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency." 29 C.F.R. § 825.305(d); *Novak v. MetroHealth Med. Ctr.*, ___ F.3d ___, No. 06-3036, 2007 WL 2807004 (6th Cir. 2007). While the language of § 825.305(d) suggests that the employer's duty arises when the employer determines that the

12

certification form is "incomplete," several courts have extended the duty to an inadequate certification form as well.

In *Novak v. MetroHealth Medical Center*, the plaintiff's medical certification lacked information regarding the date that the health condition began, the probable duration of the condition, and the medical assessments underlying the certification. Moreover, the employer rejected subsequent certification forms because they were completed by individuals without personal knowledge of the plaintiff's condition. 2007 WL 2807004, at *5. The Sixth Circuit, in considering the plaintiff's argument that the employer should have advised her of the deficiencies and provided a reasonable opportunity to correct them, discussed the employer's duty under § 825.305(d). After noting the employer's duty upon finding a certification "incomplete," the court added: "Moreover, we have previously recognized that other courts will impose this duty on employers when the FMLA certification is merely 'inadequate,' rather than 'incomplete.'" *Id.* (citing *Sorrell v. Rinker Materials Corp.*, 395 F.3d 332, 338 (6th 2005)). While the Sixth Circuit did not expressly hold that an employer's duty also arises upon submission of an inadequate form, other courts have reached this conclusion. *See also Jacks v. Conair Corp.*, No. 04-2230, 2006 WL 1749630, at *6 (C.D. Ill. 2006) ("An incomplete certification is tantamount to an insufficient or inadequate certification or

13

a certification that does not provide the information requested by the employer"); *Schmutte v. Resort Condominiums Int'l.*, 463 F. Supp.2d 891, 913 (S.D. Ind. 2006) (quoting *Jacks*).

### 3. Harley Davidson's Response to Tome's Medical Certification Form

We reject Tome's arguments regarding Harley Davidson's treatment of his medical certification form. First, Harley Davidson had the authority to evaluate the completeness of Tome's certification form and it did so. As the relevant regulation provides: "The employer shall advise an employee *whenever the employer finds a certification incomplete*, and provide the employee a reasonable opportunity to cure any such deficiency." 29 C.F.R. § 825.305(d) (emphasis added).[6] The record shows that Dr. Kephart completed the certification form on behalf of Tome and faxed it to Harley Davidson, indicating that he had "Lumbar disc disease, lumbar spine stenosis, facet arthropathy." (doc. 1, ex. A).[7] In response to a portion of the form requesting "the likely duration and frequency of episodes of incapacity," Kephart responded that the "Frequency

---

[6] In Tome's Statement of Material Facts, he points to a statement of Harbold that the FMLA regulations provide "no stated basis for an employer denying leave on account of an allegedly incomplete medical certification." (doc. 17, ¶ 15). Even if Tome's statement is an accurate representation of Harbold's belief, it does not--in light of the language of the applicable regulation--create a genuine issue of material fact as to Harley Davidson's right to review a medical certification supporting an FMLA application.

[7] With respect to medical certification, Tome submitted U.S. Department of Labor Form WH-380. (doc. 1, ex. A); *See also* 29 C.F.R. Pt. 825, app. B, at 1.

14

of episodes is COMPLETELY UNPREDICTABLE." *Id.* After reviewing the form, Harley Davidson determined that it was "missing information necessary for Harley Davidson to make a decision on [Tome's] request for a medical leave of absence." (doc. 12, ex. A, dep. ex. 1, at 2). Harley Davidson then faxed Dr. Kephart a cover letter explaining the deficiency as well as a copy of his initial certification form. Defendants' SMF ¶¶ 21, 22. In response, on June 12, 2006, Dr. Kephart sent a revised copy of Tome's certification form. *Id*. ¶ 24. Dr. Kephart, however, did not revise his conclusion regarding the frequency of Tome's back flare-ups. *Id*. ¶ 26. In addition to contacting Dr. Kephart, Harley Davidson, through Shupp, notified Tome of the problem with the certification form. *Id*. ¶ 28. After receiving no response, Harley Davidson denied Tome's request for FMLA approximately one month later, on July 10, 2006 for "Incomplete medical documentation." (doc. 1, Ex. B). Tome has not directed us to any authority suggesting that Harley Davidson's right to evaluate the completeness of the form was limited.

      Tome also claims, in passing, that Harley Davidson determined that the form was incomplete for pretextual reasons. (doc. 18, p. 9). Again, Tome has not provided any legal or factual support for such a claim. Additionally, as pointed out by Harley Davidson, Tome was granted FMLA leave in February 2007

15

after Dr. Kephart submitted a specific estimate as to the frequency of his back flare-ups. Defendants' SMF ¶ 39, 40.

Second, in reviewing the pleadings and briefs, Tome does not argue that Harley Davidson failed to give him an opportunity to correct the certification form nor does he contest the reasonableness of the amount of time provided. Nevertheless, whether Harley Davidson found Tome's certification form "incomplete" because Dr. Kephart did not assess the frequency of Tome's back condition, or "inadequate" because Dr. Kephart's response was insufficient for Harley Davidson to make its decision, Harley Davidson satisfied its duty under § 825.305(d). That is, Harley Davidson provided notice of the deficiency in the certification form as well as a reasonable opportunity to correct it before denying FMLA leave. After concluding that Tome's certification form was incomplete, Harley Davidson contacted both Kephart and Tome and instructed them to correct the form, specifically requesting more information as to the frequency of the back flare-ups. Harley Davidson's decision to deny FMLA leave after notifying Tome and Dr. Kephart of the specific deficiency and providing approximately one month to fix the problem was reasonable under the FMLA regulations. *See, e.g., Novak*, 2007 WL 2807004, at *5 (concluding that contacting an employee's doctor and providing an extra week was a

"reasonable" opportunity to correct a deficiency in a medical certification form).

Defendants make two other arguments.  First, they contend that even if Tome should have received FMLA leave, Harley Davidson provided him with all of the benefits required under the statute.  (doc. 11, p. 13).  Second, Defendants argue that even if they interfered with Tome's FMLA rights, he did not suffer recoverable damages.  *Id*. at 17.  In light of our determination that Defendants did not interfere with Tome's FMLA rights, we need not address these arguments.

*C.   Tome's FMLA Retaliation Claim*

The FMLA prohibits an employer from discriminating or retaliating against an employee for exercising rights under the statute.  29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(c).  In one paragraph close to the end of his combined "Brief in Support of Plaintiff's Cross Motion for Summary Judgment and Reply Brief to Defendants' Motion for Summary Judgment" Tome claims, for the first time, that a Harley Davidson employee retaliated against him for filing this lawsuit.  (doc. 18, p. 9).  Specifically, Tome claims that "his superior threatened him with discharge" immediately after Tome filed this lawsuit.  *Id.*  In response, Defendants point out that "[a]lthough [Tome] references a 'retaliation claim' in his Brief, neither the Complaint nor his

17

summary judgment papers contain an FMLA retaliation claim." (doc. 26, p. 19).

Tome cannot proceed on his FMLA retaliation claim by raising it for the first time in his brief supporting his motion for summary judgment. Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Here, Defendants filed a responsive pleading by answering the complaint. (doc. 3). In light of the responsive pleading, Tome should have sought leave to amend with the Court or obtained the consent of the Defendants. Claims not alleged in a complaint may not be raised for the first time in opposition to a motion for summary judgment. *See Bey v. Daimler Chrysler Servs. of N. Am., LLC*, No. Civ. 04-6186, 2006 WL 361385, at *11 (D.N.J. Feb. 15, 2006) (citing cases from the Fifth, Seventh, and Eleventh Circuits).

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge

Date: October 24, 2007

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL A. TOME,                   :
        Plaintiff
                                   :

        vs.                        :   CIVIL NO. 1:CV-06-2155

HARLEY DAVIDSON MOTOR COMPANY,     :
SALLIE J. HARBOLD,
        Defendants                 :
```

*ORDER AND JUDGMENT*

AND NOW, this 24th day of October, 2007, upon consideration of the parties' cross-motions for summary judgment (docs. 10 & 14), filed July 27, 2007, and August 7, 2007, and pursuant to the accompanying Memorandum, it is ordered that:

1. Defendants' motion for summary judgment is granted;

2. Plaintiff's motion for summary judgment is denied;

3. Judgment is entered in favor of Defendants Harley Davidson Motor Company and Sallie J. Harbold and against Plaintiff Michael A. Tome;

4. The Clerk of Court shall close this file.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge